# Exhibit A

# CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:** 22STCV11992

KEEZIO GROUP, LLC., A CALIFORNIA LIMITED LIABILITY COMPANY VS SUMMER INFANT (USA), INC.

**Filing Courthouse:** Stanley Mosk Courthouse

**Filing Date:** 04/08/2022
**Case Type:** Other Commercial/Business Tort (not fraud/ breach of contract) (General Jurisdiction)
**Status:** Pending

Click here to access document images for this case
If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

# FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**09/15/2022** at 08:30 AM in Department 47 at 111 North Hill Street, Los Angeles, CA 90012
Case Management Conference

# PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

DINSMORE SCOTT - Attorney for Plaintiff

KEEZIO GROUP LLC. A CALIFORNIA LIMITED LIABILITY COMPANY - Plaintiff

SUMMER INFANT USA INC. - Defendant

# DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

**04/21/2022** Proof of Personal Service
Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/14/2022** Notice of Case Management Conference
Filed by Clerk

**04/08/2022** Notice of Case Assignment - Unlimited Civil Case
Filed by Clerk

**04/08/2022** Voluntary Efficient Litigation Stipulation Packet
Filed by Clerk

**04/08/2022** First Amended General Order re: Mandatory Electronic Filing
Filed by Clerk

**04/08/2022** Alternate Dispute Resolution Packet

Filed by Clerk

**04/08/2022** Civil Case Cover Sheet

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/08/2022** Summons (on Complaint)

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/08/2022** Complaint

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

None

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

**04/21/2022** Proof of Personal Service

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/14/2022** Notice of Case Management Conference

Filed by Clerk

**04/08/2022** Civil Case Cover Sheet

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/08/2022** Alternate Dispute Resolution Packet

Filed by Clerk

**04/08/2022** Voluntary Efficient Litigation Stipulation Packet

Filed by Clerk

**04/08/2022** Notice of Case Assignment - Unlimited Civil Case

Filed by Clerk

**04/08/2022** Summons (on Complaint)

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/08/2022** Complaint

Filed by Keezio Group, LLC., a California limited liability company (Plaintiff)

**04/08/2022** First Amended General Order re: Mandatory Electronic Filing

Filed by Clerk

Electronically FILED by Superior Court of California, County of Los Angeles on 04/08/2022 01:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk

Case 2:22-cv-03429-DSF-GJS Document 1 Filed 05/19/22 Page 4 of 14 Page ID #:10

22STCV11992

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SUMMER INFANT (USA), Inc., and DOES 1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
KEEZIO GROUP, LLC, a California limited liability company

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Los Angeles Superior Court
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

CASE NUMBER: *(Número del Caso):*

**22STCV11992**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Scott D. Dinsmore, Esq., 324 Manhattan Beach Blvd., #201, Manhattan Beach, CA 90266 (310) 318-1220

DATE: Sherri R. Carter Executive Officer / Clerk of Court
*(Fecha)* 04/08/2022 Clerk, by N. Alvarez , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* SUMMER INFANT (USA), Inc.
   under: ☒ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 04/08/2022 01:09 PM Sherri R. Carter, Executive Officer/Clerk of Court, by N. Alvarez, Deputy Clerk
Case 2:22-cv-03429-DSF-GJS Document 1-1 Filed 05/19/22 Page 5 of 14 Page ID #:11
22STCV11992
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Theresa Traber

|   |   |
|---|---|
| 1 | LAW OFFICES OF SCOTT DINSMORE, APC |
|   | SCOTT D. DINSMORE (SBN 151041) |
| 2 | sdinsmore@lawinmb.com |
|   | RYAN J. JONES (SBN 292491) |
| 3 | rjones@lawinmb.com |
|   | 324 Manhattan Beach Blvd., Suite 201 |
| 4 | Manhattan Beach, CA 90266 |
| 5 | Telephone: (310) 318-1220 |
|   | Facsimile: (310) 318-1223 |
| 6 | |
| 7 | Attorneys for Plaintiff |
|   | KEEZIO GROUP, LLC, |
| 8 | a California limited liability company |

LAW OFFICES OF SCOTT DINSMORE, APC
324 MANHATTAN BEACH BLVD., SUITE # 201
MANHATTAN BEACH, CALIFORNIA 90266
(310) 318-1220

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| KEEZIO GROUP, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SUMMER INFANT (USA), Inc., and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: 22STCV11992<br><br>**COMPLAINT FOR:**<br><br>1. Trade Libel<br>2. Intentional Interference with Contractual Relations<br>3. Intentional Interference with Prospective Economic Advantage<br>4. Violation of Unfair Competition Law<br>5. Unjust Enrichment<br>6. Injunctive Relief<br>7. Declaratory Relief<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

COMES NOW Plaintiff KEEZIO GROUP LLC, a California limited liability company (hereinafter "Plaintiff" or "KEEZIO"), bringing this action against Defendant SUMMER INFANT (USA), Inc. (hereinafter "Defendant" or "SUMMER INFANT") and DOES 1 through 20, inclusive, and each of them, and allege as follows:

### PARTIES

1. The true names and capacities, whether individual, corporate, associate, governmental or otherwise of Defendants DOES 1 through 20, inclusive, are unknown to Plaintiff at

this time, who therefore sues said Defendants by such fictitious names; and when the true names and capacities of said Defendants are ascertained, Plaintiff will amend this Complaint accordingly. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a DOE is guilty of the same conduct as the other Defendants, and is responsible in some manner for the events and happenings herein referred to, and that their conduct proximately caused the injuries and damages sustained by Plaintiff as herein alleged, either through said Defendants' own conduct or through the conduct of their agents, servants or employees, or due to their ownership, control, rental, use, sale, design, maintenance, repair, construction, manufacture, or lease of the instrumentality by which Plaintiff's injuries were caused, or in some other manner.

2.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each of the Defendants named herein, including, without limitation, each DOE Defendant, was the agent, servant, partner and employee of the remaining Defendants, and was at all such times acting within the purpose and scope of said agency, service, partnership and employment.

3.  Plaintiff, KEEZIO GROUP LLC., is, and at all times herein mentioned was, a limited liability company organized and existing under the laws of the State of California. KEEZIO is a company engaged in the business of the design, manufacture, marketing, distribution and sale of children's products throughout the United States, including the State of California, County of Los Angeles.

4.  Plaintiff is informed and believes and based thereon alleges that Defendant SUMMER INFANT is and at all times herein mentioned was, a corporation organized and existing under the laws of the State of Rhode Island, doing business in the State of California and in this District by, among other things, marketing, distributing and selling children's products throughout the United States, the State of California and this District.

5.  This Court has personal jurisdiction over Defendant because Defendant (a) markets, distributes and/or sells its products throughout the United States, including to customers within this District, (b) has engaged in tortious and wrongful conduct directed to harm residents of this District, and (c) has purposefully directed its activities to the State of California and/or purposefully availed

itself of this jurisdiction.

6. KEEZIO markets, distributes and sells its line of brands, most notably, its "hiccapop" line of children's products throughout the United States, including in Los Angeles County, exclusively on the Amazon online retail sales platform. Amazon is an online retail outlet that sells consumer products, computing services and digital content, among other products and services. KEEZIO markets its brands as "Amazon-Exclusive" brands, because its core management team has a long and valued relationship with Amazon spanning many years. KEEZIO strategically utilizes the Amazon platform as the exclusive sales outlet for its products due to the simplicity and ease of use of the platform for its customers. One product in KEEZIO's hiccapop line is a child travel booster seat, known as the "Hiccapop OmniBoost Travel Booster Seat with Tray for Baby" ("OmniBoost"), which was designed and manufactured KEEZIO and released on the Amazon platform. Defendant SUMMER INFANT markets products similar to Plaintiff's OmniBoost on the Amazon platform, including the "Pop 'N Sit booster," among other child booster seats.

7. On information and belief, SUMMER INFANT purposefully and with the specific intention of maligning KEEZIO's products (including OmniBoost), tradename and business reputation, and in connection with promoting its products to Amazon, filed malicious and knowingly false complaints with Amazon alleging that KEEZIO's OmniBoost product infringed upon the trademarks owned or controlled by SUMMER INFANT. KEEZIO has not violated any SUMMER INFANT trademarks or intellectual property, committed any act of unfair competition, or violated any law, with respect to the promotion or advertisement of any of KEEZIO's products, or in any other manner. As a direct and proximate result of SUMMER INFANT's malicious and knowingly false infringement complaints, Amazon suspended KEEZIO's rights to market and sell OmniBoost and removed the product from the Amazon online retail sales platform, resulting in injury to KEEZIO's brand, tradename and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products. The false claims and other conduct alleged herein caused KEEZIO to unnecessarily modify it advertising and business practices, all to KEEZIO's further damage.

///

8. After receiving notification that OmniBoost had been suspended by Amazon, KEEZIO, through its legal counsel, immediately corresponded with SUMMER INFANT demanding the immediate retraction of the baseless infringement claims. On information and belief, SUMMER INFANT failed and refused to retract its infringement claims, resulting in additional injury to KEEZIO's brand, tradename and long-established business relationship, as well as pecuniary loss attributable to lost sales of its products.

## FIRST CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)
### (Trade Libel)

9. Plaintiff realleges and incorporates paragraphs 1 through 8, inclusive, as though fully set forth herein.

10. As hereinabove alleged, Defendant has repeatedly made statements alleging trademark infringement by Plaintiff that would clearly be understood to have disparaged (a) the desirability and quality of Plaintiff's products, including OmniBoost, and (b) Plaintiff's brand and business reputation ("the Statements").

11. Defendant made and published the Statements to a person other than Plaintiff.

12. The Statements were and are untrue, and were made without justification or privilege.

13. At the time Defendant made and published the Statements, Defendant knew the Statements were untrue, or acted with reckless disregard as to the truth or falsity of the Statements.

14. At the time Defendant made and published the Statements, Defendant knew or should have known that third parties might act in reliance on the Statements, causing financial losses and/or injury to Plaintiff.

15. As a direct and proximate result of Defendant's publication of the Statements, Amazon suspended and removed Plaintiff's OmniBoost product from the Amazon online retail sales platform and Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof.

///

16. Defendant's publication of the Statements was a substantial factor in causing the harm to Plaintiff herein alleged.

17. The acts of Defendant described herein were willful, fraudulent, malicious and oppressive and in conscious disregard of the rights of Plaintiff, and were taken with knowledge that such acts would cause harm to Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

**SECOND CLAIM FOR RELIEF**

**(AGAINST ALL DEFENDANTS)**

(Intentional Interference with Contractual Relations)

18. Plaintiff realleges and incorporates paragraphs 1 through 17, inclusive, as though fully set forth herein.

19. Plaintiff has, and at all relevant times herein mentioned has had, valid and existing contractual relationships with Amazon and with Plaintiff's customers who purchase Plaintiff's children's products, including OmniBoost, on Amazon's online retail sales platform.

20. Defendant is aware, and at all relevant times herein mentioned has been aware of the contractual relationships between Plaintiff and Amazon and between Plaintiff and its customers.

21. By engaging in the wrongful acts hereinabove alleged, specifically, the repeated assertion of malicious and knowingly false claims of patent infringement, Defendant knowingly and intentionally disrupted Plaintiff's contractual and economic relationships with Amazon and with Plaintiff's customers by inducing Amazon to suspend and remove Plaintiff's OmniBoost product from the Amazon online retail sales platform. By engaging in the conduct alleged herein, Defendant knew that Plaintiff would suffer harm from the disruption of its contractual relationships with Amazon and Plaintiff's customers.

22. As a direct and proximate result of Defendant's intentional acts herein alleged, the contractual relationships of Plaintiff described herein have been, and continue to be actually disrupted in that Defendant's malicious infringement claims induced Amazon to suspend and remove Plaintiff's OmniBoost product from the Amazon online retail sales platform. Defendant's conduct has caused, and will continue to cause, irreparable harm to Plaintiff's business interests, and

has significantly damaged Plaintiff's contractual relationships described herein.

23. As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof.

24. The acts of Defendant described herein were willful, fraudulent, malicious and oppressive and in conscious disregard of the rights of Plaintiff, and were taken with knowledge that such acts would cause harm to Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

## THIRD CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)

(Intentional Interference with Prospective Economic Advantage)

25. Plaintiff realleges and incorporates paragraphs 1 through 24, inclusive, as though fully set forth herein.

26. Plaintiff has, and at all relevant times herein mentioned has had, valid and existing contractual relationships with Amazon and with Plaintiff's customers who purchase Plaintiff's children's products, including OmniBoost, on Amazon's online retail sales platform. Additionally, Plaintiff has prospective economic relationships with Amazon and with its customers, with the probability of significant, future economic benefit to Plaintiff as a result of these economic relationships.

27. Defendants are aware, and at all relevant times herein mentioned have been aware of the contractual relationships between Plaintiff and Amazon and between Plaintiff and its customers.

28. By engaging in the wrongful acts hereinabove alleged, including the repeated assertion of malicious and knowingly false claims of trademark infringement, Defendant knowingly and intentionally disrupted Plaintiff's contractual and economic relationships, and the prospective economic benefits thereof, with Amazon and with Plaintiff's customers described herein by inducing Amazon to suspend and remove Plaintiff's OmniBoost product from the Amazon online retail sales platform. By engaging in the conduct alleged herein, Defendants knew that Plaintiff would suffer harm from the disruption of its contractual relationships with Amazon and Plaintiff's

customers.

29. As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof.

30. The acts of Defendant described herein were willful, fraudulent, malicious and oppressive and in conscious disregard of the rights of Plaintiff and were taken with knowledge that such acts would cause harm to Plaintiff. Plaintiff is therefore entitled to exemplary and punitive damages.

## FOURTH CLAIM FOR RELIEF
## (AGAINST ALL DEFENDANTS)
### (Violation of Unfair Competition Law)
*[Cal. Bus. & Prof. Code § 17200 et seq.]*

31. Plaintiff realleges and incorporates paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. By engaging in the wrongful acts hereinabove alleged, including the repeated assertion of malicious and knowingly false claims of trademark infringement, Defendant has engaged in unlawful, fraudulent, and/or unfair business practices in violation of California Business and Professions Code section 17200 et seq., designed to deprive Plaintiff of the economic benefits of its established business relationships with Amazon and with its customers, and which gives Defendant a competitive advantage in the retail sale of its products on the Amazon platform.

33. As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof, but which Plaintiff reasonably estimates will exceed $75,000.00.

34. Pursuant to California Business and Professions Code section 17203, Plaintiff is entitled to preliminary and permanent injunctive relief ordering Defendant to cease this unfair competition, as well as disgorgement of all of Defendant's profits associated with this unlawful competition.

## FIFTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### (Unjust Enrichment)

35. Plaintiff realleges and incorporates paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. By engaging in the conduct described above, Defendant has benefited and continues to benefit from its wrongdoing and has been unjustly enriched by reaping the benefits of its unlawful activities, all to Plaintiff's injury and damage.

37. Under the circumstances of this case, it would be inequitable for Defendant to retain the benefits unjustly received from their wrongful actions herein alleged without repaying the lost value and benefit to Plaintiff.

38. As a direct and proximate result of Defendant's unlawful conduct herein alleged, Plaintiff has suffered, and continues to suffer damages, including lost sales and profits, in a total amount presently unknown and to be determined at trial according to proof.

## SIXTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### (Injunctive Relief)

39. Plaintiff realleges and incorporates paragraphs 1 through 38, inclusive, as though fully set forth herein.

40. By engaging in the conduct described above, Defendant has willfully and purposefully harmed Plaintiff and has benefited and continue to benefit from its wrongdoing, all to Plaintiff's injury and damage. The conduct of Defendant in maliciously interfering with Plaintiff's contractual relationships and prospective economic advantage, and in violation of the statutory provisions above referenced, constitutes a continuing injury to and interference with Plaintiff's business, which diminishes Plaintiff's profits and which cannot be fully and adequately compensated in damages.

41. Unless an injunction is issued prohibiting Defendant from violating Plaintiff's contractual and statutory rights as hereinabove alleged, Plaintiff will continue to suffer irreparable

harm to its brand, tradename and long-established business relationships, and Plaintiff will have no adequate remedy at law.

42. Accordingly, Plaintiff seeks a preliminary and permanent injunction prohibiting Defendant from interfering with Plaintiff's contractual relationships and prospective economic advantage as hereinabove alleged in violation of Plaintiff's contractual and statutory rights.

## SEVENTH CLAIM FOR RELIEF

## (AGAINST ALL DEFENDANTS)

### (Declaratory Relief)

43. Plaintiff realleges and incorporates paragraphs 1 through 42, inclusive, as though fully set forth herein.

44. An actual controversy has arisen and now exists between Plaintiff and Defendant concerning their respective rights and duties in that Plaintiff maintains that its OmniBoost product and advertising does not infringe upon the trademarks owned and/or controlled by Defendant; whereas, Defendant disputes this contention and maintains that their trademark and intellectual property rights have been infringed.

45. Plaintiff desires a judicial determination of the parties' respective rights and duties relative to the conflicting claims. A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiff may ascertain its rights and duties and obtain a fair and just adjudication of the dispute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered in its favor in this action as follows:

1. For preliminary and permanent injunctive relief ordering Defendant to cease their unfair competition and unlawful acts, and for an order compelling Defendant to issue a retraction statement to Amazon (to be prepared in cooperation with, and to the satisfaction of Plaintiff) expressly retracting the false and misleading allegations of trademark and intellectual property infringement made by Defendant, as well as disgorgement of all of Defendant's profits associated with this unlawful competition;

2. For compensatory damages against Defendant in an amount presently unknown to

Plaintiff to be established at trial according to proof;

3. For exemplary and punitive damages in an amount according to proof at the time of trial;

4. For a finding that Defendant has violated *Cal. Bus. & Prof. Code § 17200 et seq.*

5. Compelling Defendant to provide an accounting of any profits improperly made as a result of their unlawful conduct as herein alleged, and imposing a constructive trust on any such profits in favor of Plaintiff, as well as compelling Defendant to disgorge all profits accrued as a result of its unlawful conduct as herein alleged in an amount to be determined at trial according to proof;

6. For a judicial declaration as to the parties' rights and obligations relative to the conflicting claims asserted in this action;

7. For reasonable attorney's fees under California Code of Civil Procedure § 1021.5;

8. For costs of suit herein incurred; and

9. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial.

LAW OFFICES OF SCOTT DINSMORE, APC

Dated: April 8, 2022

Scott D. Dinsmore
Ryan J. Jones
Attorneys for Plaintiff KEEZIO GROUP, LLC